**UNITED STATES of America,**
**Appellee,**

v.

**Abdul Hamidy BALDE, Defendant–**
**Appellant.**

**No. 03–1067.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2004.

Daniel L. Stein, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Harry Sandick, on the brief), for Appellee.

Bobbi C. Sternheim, New York, NY, for Defendant–Appellee.

PRESENT: OAKES, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

In October 2002, Defendant-appellant Abdul Hamidy Balde ("Balde") was convicted by the district court (Chin, *J.*) of violating his supervised release by: (1) passing, uttering, and possessing fictitious obligations, in violation of 18 U.S.C. § 514(a)(2); (2) failing to submit complete and truthful monthly supervision reports that would have indicated that he owned a vehicle; and (3) failing to notify the Probation Department that he had moved into a different apartment (albeit in the same building).

On appeal, Balde raises a cavalcade of claims, including an allegation of ineffective assistance of counsel. In challenging the applicability of § 514(a)(2) to the "black money" scheme in which he allegedly participated, however, Balde poses very interesting questions, which this court has not had occasion to consider.

■ Balde brings this challenge for the first time on appeal and, accordingly, we review for plain error. *See United States v. Keigue,* 318 F.3d 437, 441–42 (2d Cir. 2003); *United States v. Walsh,* 194 F.3d 37, 53 (2d Cir.1999). Given the fact that we have not, to date, issued any holdings to the contrary, the district court's decision to treat a "black money" scheme as violative of § 514(a)(2) and, correspondingly, to convict Balde under that provision was not plain error. *See United States v. Brown,* 352 F.3d 654, 665 n. 10 (2d Cir.2003) ("As a general rule, [this court] reserve[s] a finding of plainness to situations where a trial court's ruling contravenes clearly established precedent."); *United States v. Weintraub,* 273 F.3d 139, 152 (2d Cir.2001)

(holding that no plain error existed when a district court failed to give a jury instruction where no prior decision of the Supreme Court or of our circuit mandated that instruction).

This, of course, highlights the question of whether counsel was inadequate in not raising the § 514(a)(2) issue below. But even assuming *arguendo* that counsel should have challenged § 514(a)(2)'s applicability in this case, we find no prejudice. Had counsel raised such a claim at a hearing before the district court, the Government would have pointed out that on facts admitted by Balde, he violated either § 514; 18 U.S.C. § 472—the federal anti-counterfeiting law; or finally, state fraud laws—N.Y. Penal Law § 170 *et seq.* (McKinney 1999). Since the Government could then readily have modified the basis for its charge of serious supervised release violations by Balde, and since any of the above grounds for finding a violation would clearly be of the sort that warranted and led to the sentence ultimately imposed on Balde by the district court, the ineffective assistance of counsel claim is unavailing. *See Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Campbell,* 300 F.3d 202, 214 (2d Cir.2002).

We have considered all of Balde's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). We do this out of an abundance of caution, even though, it is not clear that this case raises questions under *Booker* and *Fanfan.* Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision,

it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Balde's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*